IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SHIRLEY V. REMMERT,<br><br>Petitioner, | No. C 07-3825 CRB (PR)<br>No. C 07-3826 CRB (PR)<br>No. C 07-3827 CRB (PR)<br>No. C 07-3828 CRB (PR)<br><br>ORDER OF DISMISSAL |

Petitioner has filed four separate petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging two recent convictions from San Mateo County superior court – a January 17, 2007 three-count misdemeanor conviction related to the taking of her mother and daughter out of their respective institutions, and a May 29, 2007 one-count misdemeanor conviction for violating a restraining order. Petitioner has also filed several motions and requests.

Prisoners in state custody who wish to challenge collaterally in federal habeas corpus proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). Petitioner has not done so. She has not presented the Supreme Court of California with an opportunity to consider

and rule on her claims.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (state's highest court must be given opportunity to rule on claims even if review is discretionary); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995) (California prisoner challenging misdemeanor conviction must present her claims to state supreme court either by habeas or direct appeal in order to exhaust).  The petitions for a writ of habeas corpus therefore are DISMISSED without prejudice to refiling after state judicial remedies are exhausted.

    The clerk shall terminate all pending motions as moot and close the files.

SO ORDERED.

DATED:  August 01, 2007

CHARLES R. BREYER
United States District Judge